*19*

MIED ProSe 7 (Rev 5/16) Complaint for Employment Discrimination

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

NINTU XI GILMORE-BEY

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**v.**

HENRY MELTSER; FIDELITY TRANSPORTATION OF MICHIGAN, INC., heirs, successors, assigns.

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case: 2:23-cv-12651
Assigned To : Steeh, George Caram
Referral Judge: Grand, David R.
Assign. Date : 10/20/2023 11:02 AM
Description: CMP GILMORE-BEY V. MELTSER ET AL (DA)

*(to be filled in by the Clerk's Office)*

Jury Trial:   ☑ Yes   ☐ No
*(check one)*

# Complaint for Employment Discrimination

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | NINTU XI GILMORE-BEY |
| Street Address | c/o 60 East Milwaukee Street, Unit 6633 |
| City and County | Detroit Wayne |
| State and Zip Code | Michigan 48202 |
| Telephone Number | N/A |
| E-mail Address | Nintuxi@gmail.com |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | HENRY MELTSER |
| Job or Title (if known) | Supervisor/President/Owner |
| Street Address | 2852 Duffers Lane |
| City and County | Commerce Township Oakland |
| State and Zip Code | Michigan 48390 |
| Telephone Number | 248-536-2022 |
| E-mail Address (if known) | Ride@mifidelitytransport.com |

Defendant No. 2

| | |
|---|---|
| Name | FIDELITY TRANSPORTATION OF MI, INC |
| Job or Title (if known) | |
| Street Address | 2852 Duffers Lane |
| City and County | Commerce Township Oakland |
| State and Zip Code | Michigan 48390 |
| Telephone Number | 248-536-2022 |
| E-mail Address (if known) | Ride@mifidelitytransport.com |

2

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

Defendant No. 3

| | |
|---|---|
| Name | _____ |
| Job or Title (if known) | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address (if known) | _____ |

Defendant No. 4

| | |
|---|---|
| Name | _____ |
| Job or Title (if known) | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address (if known) | _____ |

## C.     Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | FIDELITY TRANSPORTATION OF MI, INC |
| Street Address | 24635 Halsted Road |
| City and County | Farmington Hills Oakland |
| State and Zip Code | Michigan 48335 |
| Telephone Number | 248-536-2022 |

3

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Other federal law *(specify the federal law)*:
Elliot-Larsen Civil Rights Act No. 453, Public Act of 1976, as amended.

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

4

MIED ProSe 7 (Rev 5/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☐ Other acts *(specify)*:

See additional attachment.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) 19 September 2022 to date of termination on 26 October 2022.

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☑ national origin  Descendent of Autochthonous Native Americans.
- ☐ age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

_____

5

## III. Statement of Claim continues

A.

Claim 1.
**Termination of my employment.** Henry Meltser, owner of Fidelity Transportation of Michigan, Inc. terminated Plaintiff. Henry's reason was because Plaintiff was 20 minutes late on 26 October 2022. There is no attendance policy in place. Plaintiff was told by Henry Meltser on the date of termination, 26 October 2022, that she should call or text if going to be 20 minutes, 10 minutes, 5 minutes then 1 minute late. Henry Meltser was unsure of when staff should call or text.

Claim 2.
**Unequal terms and conditions of my employment.** Plaintiff was treated less favorable than other office staff.

Katia (Office Staff worker) often arrived at work after 9:00 am and was allowed to pick up and bring her child to work.

Brian (Office Staff worker) would fall asleep at his desk daily without reprimanding and after disconnecting from a call, would often say aloud that he wished death on a client.

E.       The facts of my case are as follows.  Attach additional pages if needed.

Summary of Facts: I, Nintu Xi Gilmore-Bey, hereinafter, ("Nintu"), am a descendent of the Autochothonous Natives of the Americas. The FIDELITY TRANSPORTATION OF MICHIGAN, INC., hereinafter, ("FTM") owner, Henry Meltser, said owner of FTM, hereinafter, ("HM"), entered in Paychex Flex online that Nintu was terminated "Involuntary" for "Attendance or Tardiness" on October 26, 2022. HM claimed that HM decided to terminate Nintu after being twenty (20) minutes late for work on October 26, 2022. HM angrily and disrespectfully scolded and reprimanded Nintu for being twenty (20) minutes late stating that staff should call/text. When Nintu asked when staff should call/text, HM was unsure. First HM stated 10 minutes, then 20 minutes, then 5 minutes, and then 1 minute after start time. HM has no late policy in place or procedure that orientated office staff of the culture, policies or procedures of FTM. When Nintu suggested HM to orientate office staff and drivers and include a late policy, HM yelled  that Nintu was silly for making such a suggestion because FTM was a small company and did not need nor did it make sense to do such protocols. Nintu was called "rude" by HM and his son, Adam attempted to verbally attack Nintu as  well. After Nintu attempted to speak up and defend herself, HM and Adam yelled  for Nintu to leave the building and that Nintu was fired. Another office staff  named Katia, of HM same national origin, was often late. HM and Katia seemed to  have a relationship on a personal level due to their interactions. HM and Katia would speak Russian with one another in the workplace. HM and Katia would do personal favors for one  another such as Katia bringing in a home vacuum for the office and HM taking  Katia to drop off her vehicle after work. Nintu sent HM an email on October 16,  2022 to request a meeting with HM and Adam, FTM Dispatch Manager,  hereinafter, ("Adam") to address some workplace concerns and suggested solutions.  Nintu's email went unanswered and Nintu's concerns were never addressed.  There was confusion and unclear expectations at FTM. Nintu was belittled, micromanaged, discriminated against, and experienced discriminatory, unequal discipline and treatment, and sudden performance issues. Nintu was subjected to daily hostility from other office staff, HM and Adam, yelling and/or cursing at office staff, drivers, or clients. Another office staff named  Brian would frequently and verbally, wish death on clients that he felt were rude and threw constant fits of rage at his desk. Nintu experienced attempts to sabotage Nintu's work by  other office staff and work was distributed unevenly. Nintu had a negative  experience the first week of work that worsened over time. There was no support,  no motivation, and no space to address concerns and resolutions at FTM. See additional attachment.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

6

**Additional Statement.**

**E. The facts of my case are as follows.**

Timeline of events

1. 09.09.2022, Nintu applied for an Office Staff - Receptionist position on Indeed with FTM.
2. 09.11..2022, Nintu received an email through indeed from HM asking Nintu to call him.
3. 09.13.2022 at 1000, Nintu had an in-person interview with HM at FTM in Farmington Hills, Michigan. The interview lasted for over an hour and a half. HM spoke highly of Nintu's personality and skill set. HM wanted to hire Nintu on the spot but expressed that HM had other interviews scheduled on Thursday and Friday of that week and thought it would be fair to the other interviewees for HM to follow through. HM stated that HM was looking for someone to start on the following Monday and that Nintu would hear from HM by Friday, 09.16.2022 because HM really wanted to hire Nintu. HM stated that HM do not start staff with the maximum pay rate until staff have proven themselves and past staff has failed to perform. HM offered to hire Nintu starting at $17.00 per hour with no hesitation to increase the pay after thirty (30) days once Nintu showed that Nintu could perform the job well.
4. On 09.13.2022 at or around 1921, HM called Nintu. Nintu returned the call on 09.14.2022 at or around 0920. HM, eagerly, offered Nintu the Office Staff - Receptionist position. Nintu started on Monday, 09.19.2022 at 0900. Nintu was scheduled to work Monday- Friday from 0900-1730 with a 30 minute unpaid lunch period.
5. 09.19.2022, HM had Nintu complete documents consisting of an application with a handwritten question asking for age, W-4 forms, I-9 Form, and some company forms pertaining to drivers. Thereafter, Nintu was introduced to the other office staff, Brian and Katia. Katia was assigned to train Nintu. Nintu did not meet the Dispatcher, Deana until Tuesday, 09.20.2022. There were a total of six (6) office staff that included HM and Adam. That first week of the Nintu start date, Katia was late on several occasions. Katia was "late" on several occasions during Nintu employment with FTM. Katia was often allowed to leave work to pick up her son. Katia was also allowed to bring her son to work.
6. The week of 09.26.2022, Nintu was assigned a desktop with a Routing Box system login.
7. On 09.28.2022, HM told Nintu to say " Hello, Fidelity Transportation" when answering the phone. Nintu was told by HM during the interview phase to keep salutation very simple and short when answering the phones. Having history in leadership positions and assisting executives, Nintu was accustomed to being more formal when answering phone lines but Nintu is also adaptable. At FTM, Nintu would often say, "Hi", "Good day", or "Greetings", "Fidelity Transportation, how can I help you." when answering calls. Katia always answered the phone by

saying only, " Fidelity Transportation" and HM did not correct Katia after standing next to her desk as Katia answered a call.

8. On 10.03.2022, HM asked Brian what time Brian arrived at work that day. Brian replied, "8:30, as usual." HM then asked Katia. Katia replied, 0900. HM, then asked Nintu and Nintu replied, "0913". Nintu felt singled out. HM had not done this at the time of any other staff's tardiness.

9. On 10.06.2022 at or around 0850, upon Nintu arrival, Nintu's desk trash can was placed next to Nintu desk chair with the inside bag tied as if it was a signal to change the bag. Nintu usually would pull her desk trash every Friday and on an as needed basis during the week. This particular day, Nintu trash can was not full. Nintu looked around at Katia's and Brian's desk trash cans and saw the cans full and with food packaging.

10. On 10.06.2022, Nintu received her first paycheck and noticed that the taxes were in error and not taken according to what was notated on the W-4 forms. Nintu addressed it with HM and HM told Nintu that HM did not go according to Nintu's tax forms. HM just assumed HM's own calculations and told Nintu that she would have to also complete the tax forms in Paychex Flex. Nintu questioned what happens to the tax forms made to complete at the time of hire and HM stated that HM files them instead of giving them to payroll. After Nintu logged into Paychex Flex, Nintu found no tax forms to complete in Paychex Flex. HM was incorrect about this and did give Nintu an apology stating that it would be rectified by next payroll and any reimbursements would be done next pay period. Nintu stated that any monies owed would need to be remitted to Nintu that current payroll.

11. On 10.14.2022, Nintu finally received the correct login for the Logistic Care system.

12. On 10.17.2022, Nintu found that Brian altered a client's scheduling in Routing Box that was initially entered by Nintu. If this wasn't noticed by Nintu before dispatched, the driver would have been routed incorrectly and Nintu may have been blamed for the mistake.

13. On 10.17.2022, HM finally installed Microsoft Office on Nintu's work desktop.

14. Nintu never received access to the Information Center system or the system to run credit cards but was trained by Katia to do the task.

15. Katia would often do most of the duties that Nintu was also responsible for stating that Katia was used to doing them. When Nintu was finished doing the simplex morning work that consisted of pulling next day "call sheets" by date and confirming entry in the Routing Box system and filing past and future call sheets in the file cabinet, Nintu would ask Katia if Katia needed assistance or suggested to complete a task Katia had yet to complete, Nintu would be told by Katia, that she would do it.

16. Katia would often go behind Nintu, backtrack and/or confirm something that Nintu confirmed and that was clearly documented in the Routing Box system by Nintu.

17. Katia then would not do a task she would often do without informing Nintu, and then tell Nintu that the task was not done.

18. HM would often give positive feedback and make praising comments to and about Katia.

19. HM would micromanage throughout the work day, complain and yell.

20. One day, HM was off ill and constantly called and emailed Brian to discuss a matter that Adam was handling with Brian. Adam yelled at Brian to immediately hang up on HM and not answer to HM, demanding Brian to answer to Adam instead. Brian looked to be in a compromising position.
21. On 10.21.2022 at or around 1512, Nintu was scheduling a series of appointments with a contracted nursing facility staff, named Janell. After Nintu was done and disconnected the call. Janell called back to tell Nintu that Nintu was doing a "great job." Janell stated that from what she witnessed from past staff that they were not as sufficient.

Enclosures:

    A. EEOC **Determination and Notice of Rights** Letter.
    B. **Notice of Intent to Sue** notice.
    C. **Request for Employee Personnel File** notice.

MIED ProSe 7 (Rev 5/16) Complaint for Employment Discrimination

## IV. Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

17 July 2023.

B.  The Equal Employment Opportunity Commission *(check one)*:

☐  has not issued a Notice of Right to Sue letter.

☑  issued a Notice of Right to Sue letter, which I received on *(date)*

24 July 2023 .
*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐  60 days or more have elapsed.

☐  less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Attach additional pages if needed.

I ask the court to order a total of $32,654.00 in actual damages, punitive damages for the pain and suffering that I sustained and a penalty for failure to provide me with a copy of my full personnel file upon written request. The damages are itemized as follows: $1,904.00 for loss of wages. $750.00 for penalty for failure to provide me a copy of employee file. $10,000.00 in punitive damages plus triple damages for my pain and suffering. I was hired to work full-time, Monday - Friday from 9:00 am - 5:00 pm with a starting rate of $17.00 with potential to increase hourly rate to $20.00 after 30 days from start date. Henry Meltser was delivered a written request for a copy of my complete employee file on 26 September 2023 via U.S.P.S. Priority Mail No. 9505 5107 4262 3268 6340 37. Henry Meltser was given an opportunity to settle this matter out of court by written Notice of Intent to Sue that was delivered on 08 August 2023 via U.S.P.S. Priority Mail No. 9114 9022 0078 9546 1350 79.

7

MIED ProSe 7 (Rev 5/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 19 October, 20 23.

Signature of Plaintiff    by'. Nitu Xi Gilmore-Bey

Printed Name of Plaintiff    NINTU XI GILMORE-BEY

8

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

**Additional Information:**

Left Blank Intentionally.

9

Enclosure A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Detroit Field Office**
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0020
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/24/2023

**To:** NINTU XI GILMORE-BEY
c/o 60 East Milwaukee Street 6633
DETROIT, MI 48202

Charge No: 471-2023-01903

EEOC Representative and email:   JASON PURNELL
Investigator Support Assistant
jason.purnell@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 471-2023-01903.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele
07/26/2023

Michelle Eisele
District Director

Enclosure A

**Cc:**


**FIDELITY TRANSPORTATION OF MICHIGAN, INC.**

**24635 Halsted Road**

**Farmington Hills, MI 48335**

**Attn:   Henry Meltser**



Please retain this notice for your records.

Enclosure B

1 of 1

# NOTICE OF INTENT TO SUE

From: Nintu Xi Gilmore-Bey - Authorized Representative for NINTU XI GILMORE-BEY, ens legis.
Care of Post Office Box 6633.
Detroit, Michigan [48206].

To: Henry Meltser - President of FIDELITY TRANSPORTATION OF MICHIGAN, INC.
2852 Duffers Lane.
Commerce Township, Michigan [48390].

Effective Date: 07 August 2023

**RE: NOTICE OF INTENT TO FILE LAWSUIT**

Dear Henry Meltser,

This notice of intent to sue shall serve as a formal notice that Nintu Xi Gilmore-Bey intends to commence a lawsuit against you due to the following: Discrimination of national origin which resulted in termination on 26 October 2022. Your  actions caused an injury to Nintu Xi Gilmore-Bey. Nintu Xi Gilmore-Bey is in a protected class by law and international law. You treated Nintu Xi Gilmore-Bey less favorably than other staff of different national origin and age. This is an administrative process, done in good faith, to give you an opportunity to cure with honor. Nintu Xi Gilmore-Bey reserves the right to seek full recourse through any remedy, deemed necessary.

   I.     **THE PLAINTIFF/CLAIMANT.** Nintu Xi Gilmore-Bey (the "Plaintiff").

   II.    **THE DEFENDANT/RESPONDENT.** Henry Melster - President of FIDELITY TRANSPORTATION OF MICHIGAN, INC. (the "Defendant").

   III.   **SETTLEMENT DEMAND.** As a result of your actions, the Plaintiff is willing to resolve the matter for just compensation in the amount of $31,904.00 ($10,000.00 plus triple damages + 14 days of lost wages) and deletion of negative action in personal file. This offer to cure and/or settle this matter outside of court and avoid a lawsuit, attorney and other fees is valid for thirty (30) days from the effective date.

   IV.    **GOVERNING LAW.** This notice of intent to sue shall be governed under the laws of equity and international law.

Without malice or mischief, in sincerity and honor,

As my word is bond,
Duly tendered in honor

By: ALL RIGHTS RESERVED 07 August 2023
Nintu Xi Gilmore-Bey, authorized representative
All Rights and Remedies Reserved-
U.C.C. 1-103, 1-207(1-308), 7-103, 9-311, et al.

Enclosure  C

# REQUEST FOR EMPLOYEE PERSONNEL FILE

25 September 2023

From: Nintu Xi Gilmore-Bey
℅ 60 East Milwaukee Street, Unit 6633
Detroit, Michigan [48202-9998]

To: Fidelity Transportation of Michigan, Inc
Attn: Henry Meltser
2852 Duffers Lane.
Commerce Township, Michigan [48390].
**U.S.P.S. Priority Mail No.** 9505 5107 4262 3268 6340 37.

RE: Former employee - NINTU XI GILMORE-BEY
Position: Office Staff

To Henry Meltser,

This is a request pursuant MCL 423.501 to 423.505, Bullard-Plawecki Employee Right to Know Act and the Privacy Act of 1974 (5 U.S.C. 552a) for the following records pertaining to former employee NINTU XI GILMORE-BEY:

1. Copy of **Complete** personnel records/files.
2. **All** documentation/records regarding NINTU XI GILMORE-BEY.

Please satisfy this request within twenty-one (21) days from receipt of this written request.

Please forward request to:
**NINTU XI GILMORE-BEY**
**℅ 60 East Milwaukee Street, Unit 6633**
**Detroit, Michigan [48202-9998]**

Thank you.

By: ALL RIGHTS RESERVED
Nintu Xi Gilmore-Bey, authorized Representative
All rights and remedies reserved.
U.C.C. 1-207/308, 1-103, 9-311, 1-703, et alia.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Oakland

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| NINTU XI GILMORE-BEY | HENRY MELTSER; FIDELITY TRANSPORTATION OF MICHIGAN, INC., heirs, successors, assigns. |

**(b)** County of Residence of First Listed Plaintiff   Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Oakland
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Case: 2:23-cv-12651
Assigned To : Steeh, George Caram
Referral Judge: Grand, David R.
Assign. Date : 10/20/2023 11:02 AM
Description: CMP GILMORE V. MELTSER ET AL (DA)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| American National Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, US Civil Rights Act of 1964, as amended; Elliott-Larsen Civil Rights Act No 453, Public Act of 1976, as amended.
Brief description of cause:
Discrimination of national origin

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 32,654.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
October 19, 2023

SIGNATURE OF ATTORNEY OF RECORD
N/A

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                         ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other     ☐ Yes
            court, including state court? (Companion cases are matters in which ☒ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes : _____