UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINTU XI GILMORE-BEY,

          Plaintiff,          Civil Action No. 23-12651

v.          George Caram Steeh
          United States District Judge

HENRY MELTSER and FIDELITY      David R. Grand
TRANSPORTATION OF MI, INC.,       United States Magistrate Judge

          Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY AS MOOT WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS (ECF NO. 12)

**I.    REPORT**

On October 20, 2023, plaintiff Nintu Xi Gilmore-Bey ("Plaintiff") filed this employment discrimination action against defendants Fidelity Transportation of Michigan, Inc. and its president, Henry Meltser (collectively "Defendants").[1] (ECF No. 1). In her complaint, Plaintiff alleges that Defendants violated Title VII of the Civil Rights Act of 1964, as well as the Elliott-Larsen Civil Rights Act, when they discriminated against her on the basis of her national origin.

On December 21, 2023, Defendants filed a Motion to Dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 12). However, on January 9, 2024, Plaintiff filed a "Declaration of Facts and Certificate of Service," in which she indicated that she

---

[1] On January 3, 2024, this case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b). (ECF No. 13).

had not been served with a copy of Defendants' motion to dismiss, and only learned of its filing after calling the Clerk's Office on December 28, 2023. (ECF No. 15, PageID.88). As a result, on January 12, 2024, Defendants filed a Proof of Service, indicating that, on that date, they mailed a copy of their motion to dismiss to Plaintiff. (ECF No. 16).

On February 2, 2024, Plaintiff filed an Amended Complaint. (ECF No. 17). Assuming that Plaintiff was not served with a copy of Defendants' Motion to Dismiss until January 12, 2024 – an assumption Defendants do not expressly contest – Plaintiff had the right to file an amended complaint without leave of court. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than … 21 days after service of a motion under Rule 12(b), (e), or (f) …."); *see also Broyles v. Correctional Med. Servs.*, No. 08-1638, 2009 WL 3154241, at *3 (E.D. Mich. Jan 23, 2009) (Rule 15(a) gives a plaintiff an "absolute right" to amend a complaint within 21 days of the filing of a responsive pleading).

The law is clear that an amended complaint, when filed, supplants the original complaint and becomes the only live complaint in the case.[2] *See Parks v. Federal Express Corp.*, 1 F. App'x 273, 277 (6th Cir. 2001). *See also Long v. County of Saginaw*, No. 12-15586, 2014 WL 1845811, at *3, n. 1 (E.D. Mich. May 8, 2014) (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)) ("Because amended pleadings supersede original pleadings, 'the original pleading no longer performs any function in the case ...'"). Therefore, any motion directed at the

---

[2] Recognizing this principle, on February 19, 2024, Defendants filed a Second Motion to Dismiss that addresses Plaintiff's amended complaint. (ECF No. 18).

original complaint is moot in the face of the filing of the amended complaint. *See KBT Group, LLC v. City of Eastpointe*, No. 18-10409, 2019 WL 1556194, at *3 (E.D. Mich. Apr. 10, 2019) (explaining that since an amended complaint supersedes the original complaint, a motion to dismiss the original complaint is moot). Thus, the Court should deny without prejudice Defendants' original motion to dismiss.

## II.    RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (**ECF No. 12**) be **DENIED AS MOOT WITHOUT PREJUDICE**.

Dated: February 22, 2024            s/David R. Grand
Ann Arbor, Michigan                 DAVID R. GRAND
                                    United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections

3

must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 22, 2024.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

4