UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINTU XI GILMORE-BEY,

                    Plaintiff,

v.

HENRY MELTSER, *et al*.,

                    Defendants.
_____/

Civil Action No. 23-12651

George Caram Steeh
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF No. 18)

*Pro se* plaintiff Nintu Xi Gilmore-Bey ("Plaintiff") commenced this action against Fidelity Transportation of Michigan, Inc. ("Fidelity") and its president, Henry Meltser ("Meltser"), on October 20, 2023. (ECF No. 1.) In her complaint, Plaintiff alleged that Fidelity and Meltser (collectively, "Defendants") engaged in national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, as well as the Elliott-Larsen Civil Rights Act ("ELCRA") when they terminated her employment. (*Id*.).

On December 21, 2023, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that it failed to state a claim upon which relief could be granted. (ECF No. 12.) In response, Plaintiff filed an amended complaint, in which she modified her discrimination claim in certain respects and added a defamation claim based on statements contained in her personnel file, as well as statements made by Defendants in their motion to dismiss. (ECF No. 17.)

Now pending before the Court is Defendants' Motion to Dismiss Plaintiff's

Amended Complaint, which was filed on February 19, 2024. (ECF No. 18). Plaintiff filed a response to Defendants' motion on March 4, 2024 (ECF No. 21), and Defendants filed a reply on March 18, 2024 (ECF No. 23).[1]

An Order of Reference was entered on January 3, 2024, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 13). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

## I.    REPORT

### A.    Factual Background

Plaintiff alleges that she was employed by Fidelity[2] in an "Office Staff position" for about a month, from September 19, 2022, through October 26, 2022. (ECF No. 17, PageID.100). According to Defendants, Plaintiff's employment was terminated because of her tardiness. (ECF No. 18, PageID.152). Indeed, in her original complaint, Plaintiff admitted that she arrived "20 minutes late" for work on the date she was terminated. (ECF No. 1, PageID.6). And while she omits this precise language from her amended complaint,

---

[1] Subsequently, Plaintiff filed two additional documents – one captioned "Plaintiff's Facts of Service of Amended Complaint to Defendants with Exhibits and Plaintiff's Declaration of Facts" and the other titled "Plaintiff's Opposition to Defendants' Motion for Imposition of Rule 11 Sanctions Against Plaintiff." (ECF Nos. 25, 26). Although these filings are neither particularly relevant nor procedurally proper, the Court will consider the facts and arguments contained therein in ruling on the instant motion.

[2] Fidelity is a "specialty transportation company that operates a fleet of wheelchair lift vans and minivans." (ECF No. 18, PageID.153). Fidelity is owned by Meltser, who also served as its president at all relevant times. (*Id.*).

she does acknowledge that, on October 26, 2022, she arrived "between 9:20-9:21 am" (approximately 20 minutes after her scheduled start time of 9:00 a.m.). (ECF No. 17, PageID.105).

In her amended complaint, Plaintiff alleges that she was terminated not because of her tardiness, but "because of her national origin as an Autochthonous and Indigenous Native American, descendant of the original copper-tone people of the Americas." (*Id.*, PageID.102). Although she does not plead any direct evidence of national origin discrimination, she alleges that, by virtue of her termination, she was treated less favorably than "Katia" and "Brian," two other "Office Staff" workers who allegedly engaged in conduct Plaintiff deemed inappropriate but were not terminated. (*Id.*, PageID.101, 110). Plaintiff further alleges that "Defendants and their counsel conspired to defame [her] character by writing adversarial, malice [sic] and false statements in [her] employee file and in" Defendants' initial motion to dismiss. (*Id.*, PageID.110). Defendants now move to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### B.   Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests a complaint's legal sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] … is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Rather, such

"complaints still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

### C.   Analysis

#### 1.   *Plaintiff's National Origin Discrimination Claims Fail*

As set forth above, in her amended complaint, Plaintiff alleges that she "was terminated because of her national origin as an Autochthonous and Indigenous Native American, descendant of the original copper-tone people of the Americas." (ECF No. 17, PageID.102). In order to make out a *prima facie* case of national origin discrimination under Title VII,[3] Plaintiff must show that (1) she is a member of a protected class; (2) she experienced an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class or was treated differently than a similarly-situated, non-protected employee. *See Johnson v. Farmington Pub. Sch.*, No. 21-12562, 2024 WL 1395140, at *12 (E.D. Mich. Mar. 31, 2024). If the plaintiff is able to present a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *See Alzid v. Blue Cross Blue Shield of Mich.*, 671 F. Supp. 3d 786, 794 (E.D. Mich. 2023). Assuming the defendant can do so, the burden shifts back to the plaintiff, who must show that the defendant's proffered reason is a pretext for discrimination. *Id.*

In this case, Plaintiff cannot make out a *prima facie* case of national origin

---

[3] Claims under the ELCRA involve the same legal analysis as Title VII claims. *See, e.g., Idemudia v. J.P. Morgan Chase*, 434 F. App'x 495, 499 (6th Cir. 2011).

discrimination because she has not plausibly alleged that she is a member of a protected class.  In her original complaint, Plaintiff alleges that Defendants discriminated against her based on her "national origin Descendent of Autochthonous Native Americans."  (ECF No. 1, PageID.5).  In her amended complaint, Plaintiff expands upon this allegation by claiming that her national origin is "Autochthonous and Indigenous Native American, descendant of the original copper-tone people of the Americas."  (ECF No. 17, PageID.102).

It is clear, however, that there is no federally recognized "Autochthonous"[4] or "Indigenous Native American" tribe.[5]  Courts in the Eastern District of Michigan and the Sixth Circuit have routinely dismissed national origin discrimination claims like Plaintiff's that are brought by "native-born individuals … who claim to be affiliated with a tribal government purportedly existing independently of any federally recognized Indian tribe." *Alzid*, 671 F. Supp. 3d at 797 (internal quotation marks omitted); *see also Wilson v. Art Van Furniture*, No. 99-2292, 2000 WL 1434690, at *1 (6th Cir. Sept. 19, 2000) (rejecting national origin discrimination claim where the plaintiff was born in the United States and "presented no credible proof that there is or ever was a country or ethnic group known as the Washitaw de Dugdahmoundyah Empire"); *Bey v. FCA US LLC*, No. 19-10521, 2019 WL 5849367, at *3 (E.D. Mich. Oct. 15, 2019) (plaintiff's national origin discrimination

---

[4] "Autochthonous" is defined as "indigenous" or "native."  *See* https://www.merriam-webster.com/dictionary/autochthonous?utm_campaign=sd&utm_medium=serp&utm_source=jsonld (last accessed April 22, 2024).

[5] *See* https://www.federalregister.gov/documents/2024/01/08/2024-00109/indian-entities-recognized-by-and-eligible-to-receive-services-from-the-united-states-bureau-of (last accessed April 22, 2024).  The Court is permitted to take judicial notice of the fact that, as confirmed by the Federal Register, there is no federally recognized "Autochthonous" or "Indigenous Native American" tribe. *See Coupe v. Federal Express Corp.*, 121 F.3d 1022, 1026 n. 3 (6th Cir. 1997).

claim failed because "[n]umerous Courts have held that 'Moorish Americans' or variations thereof are not a federally recognized group to which the national origin protections of Title VII applies").  Courts in other jurisdictions have reached the same conclusion.  *See, e.g., Tum-Re v. Keel*, No. 3:15-cv-2708, 2016 WL 2990944, at *1 (N.D. Ohio May 24, 2016) (rejecting national origin discrimination claim where it was premised on the plaintiff's claim that he was "affiliated with a tribal government purportedly existing independently of any federally recognized Indian Tribe"); *Nixon El v. General Motors Co.*, No. 4:20-CV-471-A, 2020 WL 3848099, at *2 (N.D. Tex. July 8, 2020) (plaintiff's self-identification as a "Moor Americas Aboriginal Native Californian National" does not entitle him to protection under Title VII); *Bey v. Oakton Comm. College*, No. 14 C 06655, 2015 WL 5732031, at *5 (N.D. Ill. Sept. 30, 2015) ("Without a nonnative country of origin or any characteristic physical, cultural, or linguistic distinctions, the self-professed U.S. nationals of the 'Aboriginal-Indigenous Native American/Moor' persuasion do not credibly allege a protected 'national origin.'").

For all of these reasons, Plaintiff's allegation that she is "Autochthonous and Indigenous Native American, descendant of the original copper-tone people of the Americas" is insufficient to establish that she is a member of a protected class.  Thus, she has not stated a *prima facie* case for national origin discrimination, and this claim should be dismissed.

### 2.    *Plaintiff's Defamation Claim Fails*

In her amended complaint, Plaintiff pleads a defamation claim based on statements contained in her personnel file, as well as statements made by Defendants in their motion

7

to dismiss.  (ECF No. 17, PageID.110-12).  A plaintiff alleging defamation must plead the following elements: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm (defamation *per se*) or the existence of special harm caused by publication.  *See Edwards v. Detroit News, Inc.*, 322 Mich. App. 1, 12 (2017).  Moreover, the essentials of a cause of action for defamation must be stated *in the complaint*.  *See Bhan v. Battle Creek Health Sys.*, 579 F. App'x 438, 446 (6th Cir. 2014) (citing *Ledl v. Quik Pik Food Stores, Inc.*, 133 Mich. App. 583, 589 (1984)).  This includes allegations as to the exact language the plaintiff contends is defamatory, the connection of the defamatory words to the plaintiff where such words are not clear, and the publication of the alleged defamatory words.  *Id*.  "Inherent in those requirements is that the allegations must set forth where, when, and to whom the alleged statements were published."  *Id*.

a.    *Statements Made in Defendants' Motion to Dismiss*

Here, Plaintiff alleges in her amended complaint that Defendants "made false statements to defame [her] character in the motion [to dismiss] filed with this Court on 12.21.2023 (Page 9 of the motion)."  (ECF No. 17, PageID.111).  It appears that Plaintiff is taking issue with the following paragraph from Defendants' motion:

> Plaintiff's Complaint should be seen for what it is: A vexatious attempt to bully a small business into submission.  If the Plaintiff is not sanctioned, it is reasonable to assume that she will continue her "paper terrorism" campaign by filing even more frivolous lawsuits premised on her delusional belief about her ostensible "national origin."

(ECF No. 12, PageID.55) (footnote omitted).  However, "Michigan recognizes that statements which are pertinent to judicial proceedings made by attorneys *in the courtroom or in pleadings* are absolutely privileged, and as such, no cause of action for defamation can be predicated on such statements." *Various Mkts., Inc. v. Chase Manhattan Bank, N.A.*, 908 F. Supp. 459, 465 (E.D. Mich. 1995) (emphasis in original); *see also Lawrence v. Burdi*, 314 Mich. App. 203, 217 (2016) ("Statements made by judges, attorneys, and witnesses during the course of judicial proceedings are absolutely privileged if they are *relevant, material, or pertinent* to the issue being tried.") (internal quotation marks omitted) (emphasis in original).  Here, the statements set forth in Defendants' motion to dismiss are unquestionably pertinent to the case and, thus, are absolutely privileged.  Therefore, this aspect of Plaintiff's defamation claim fails.

#### b.    *Statements Recorded in Plaintiff's Personnel File*

Finally, Plaintiff alleges in her amended complaint that "Defendants and their counsel conspired to defame [her] character by writing adversarial, malice [sic] and false statements in [her] employee file …"  (ECF No. 17, PageID.110).  However, even assuming that Defendants did in fact make false statements about her in her personnel file, as she alleges,[6] she has not plausibly alleged that any unprivileged communication was

---

[6] For example, Plaintiff alleges that Defendants made false statements on a "hand-written paper placed inside [her] employee file with notes, a list of dates and arrival times."  (ECF No. 17, PageID.104) (referring to *Id.*, PageID.119).  Similarly, she asserts that a "false statement was hand-written on [her] resume by [Meltser] stating, 'During an interview, [Plaintiff] confirmed that she lives in Southfield & has adequate transportation.  I reiterated the importance of living close to the office.  [Plaintiff] reassured me of Southfield & being punctual.'"  (*Id.*, PageID.105) (referring to *Id.*, PageID.121).

made to a third party.  Rather, Plaintiff alleges only that: "Defendants shared the false statements with Wright Beamer Attorneys and Plaintiff *has reason to believe* Defendants are concealing any other third parties that may be involved."  (*Id.*, PageID.111) (emphasis added).  Obviously, statements made by clients to their attorneys for purposes of obtaining legal advice are privileged.  *See, e.g., Laetham Equip. Co. v. Deere & Co.*, 261 F.R.D. 127, 142 (E.D. Mich. 2009).  Thus, Defendants' transmission of Plaintiff's personnel file to their attorneys in order to defend against Plaintiff's allegations in this lawsuit does not constitute an unprivileged communication to a third party and, therefore, is not actionable.  *See Oesterle v. Wallace*, 272 Mich. App. 260, 264 (2006) ("If a statement is absolutely privileged, it is not actionable even if it was false and maliciously published.").

Moreover, Plaintiff's vague and speculative assertion that she "has reason to believe" Defendants "may" have shared the contents of her personnel file with "other third parties" (ECF No. 17, PageID.111) is insufficient to state a claim for defamation, as courts have held that the failure to identify the recipient of the alleged defamatory statement is "fatal to the claim."  *Coles v. Dearborn Midwest Co.*, No. 13-14450, 2014 WL 7530433, at *6 (E.D. Mich. Sept. 27, 2014).  Thus, this aspect of Plaintiff's defamation claim also fails.

For all of these reasons, Plaintiff has failed to state a claim against Defendants, despite being given two opportunities to do so.  As such, Plaintiff's claims should be dismissed in their entirety and with prejudice.[7]

---

[7] In their motion to dismiss, Defendants also argue that Plaintiff should be sanctioned for filing frivolous claims pursuant to Fed. R. Civ. P. 11.  (ECF No. 18, PageID.161-64).  Subsequently,

## II.     RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint **(ECF No. 18)** be **GRANTED** and Plaintiff's claims be **DISMISSED WITH PREJUDICE**.


Dated: April 22, 2024                    s/David R. Grand
Ann Arbor, Michigan                      DAVID R. GRAND
                                         United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

---

however, after properly serving a "safe harbor" letter pursuant to Rule 11(c), as is required, Defendants filed a separate motion for Rule 11 sanctions. (ECF No. 27).  Thus, the Court will rule on Defendants' request for sanctions in the context of that motion, not herein.

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2024.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
