UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINTU XI GILMORE-BEY,

          Plaintiff,

v.

HENRY MELTSER, *et al.*,

          Defendants.
_____/

Civil Action No. 23-12651

George Caram Steeh
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION FOR SANCTIONS (ECF No. 27)**

**I.  REPORT**

    **A.  Background**

*Pro se* plaintiff Nintu Xi Gilmore-Bey ("Plaintiff") commenced this action against Fidelity Transportation of Michigan, Inc. ("Fidelity") and its president, Henry Meltser ("Meltser"), on October 20, 2023. (ECF No. 1). In her complaint, and, subsequently, her amended complaint, Plaintiff alleged that Fidelity and Meltser (collectively, "Defendants") engaged in national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as the Elliott-Larsen Civil Rights Act ("ELCRA"), when they terminated her employment. (ECF Nos. 1, 17). This case has been referred to the undersigned for all pretrial purposes. (ECF No. 13).

On April 22, 2024, this Court entered a Report and Recommendation ("R&R"), recommending that Defendants' motion to dismiss Plaintiff's amended complaint be granted. (ECF No. 29). Now before the Court is a Motion for Imposition of Rule 11

Sanctions Against Plaintiff, filed by Defendants on April 9, 2024. (ECF No. 27).[1] Plaintiff filed a response to this motion on April 29, 2024 (ECF No. 30), and no reply was filed.

Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

### B.  Analysis

In their motion, Defendants argue that sanctions should be imposed against Plaintiff because her claims are frivolous and "wholly devoid of any legal merit[.]" (ECF No. 27, PageID.253). Specifically, Defendants assert that Plaintiff's national origin discrimination claims, brought pursuant to Title VII and the ELCRA, are without merit because she failed to plausibly allege that she is a member of a recognized protected class when she alleged discrimination on the basis of her national origin as a descendant of "Autochthonous Native Americans[.]" (*Id.*, PageID.256). Defendants further assert that Plaintiff's defamation claim – which was pled first in her amended complaint – is equally frivolous, as it is based on statements contained in her personnel file (which were not shared with anyone outside of Fidelity) and statements made in court pleadings (which are absolutely privileged). (*Id.*). According to Defendants, then, Rule 11 sanctions are warranted because Plaintiff's "legal theories are indisputably meritless **and** certain factual contentions are fantastic or delusional." (*Id.*) (emphasis in original). Defendants seek sanctions in the amount of "at

---

[1] "[T]he prudential practice that has developed throughout this circuit is to treat motions for Rule 11 sanctions as dispositive in both the pretrial and post-judgment context." *Annabel v. Erichsen*, No. 15-10345, 2018 WL 4854098, at *1 (E.D. Mich. June 1, 2018) (citing cases). Accordingly, the Court proceeds by way of a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B).

least $5,000.00 … to deter Plaintiff from filing other similar frivolous complaints in the future." (*Id.*, PageID.258).

Rule 11(b) provides that, when an attorney or unrepresented party presents a pleading to the Court, she is certifying that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

>    (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>    (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
>    (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ….

Fed. R. Civ. P. 11(b). Rule 11(c) states that if "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

Here, as set forth above, Defendants argue that Rule 11 sanctions are warranted because the allegations contained in Plaintiff's complaint and amended complaint are frivolous, in the sense that her legal theories are "indisputably meritless" and certain factual contentions are "fantastic or delusional." (ECF No. 27, PageID.256). For the reasons set forth in its prior R&R (ECF No. 29), this Court agrees that Plaintiff's national origin discrimination and defamation claims are without legal merit. However, "Plaintiff's pro se status and the absence of legal advice are appropriate factors to be considered as special

3

circumstances when determining if Rule 11 has been violated." *Booker v. Buckely*, Nos. 85-3867, 85-3893, 1986 WL 18396, at *1 (6th Cir. 1986). And, as the movants, Defendants have the burden of demonstrating that Plaintiff engaged in "objectively unreasonable conduct." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002).

Here, while Defendants are correct that "there exists no recognized tribe of Autochthonous Native Americans" (ECF No. 27, PageID.256) (internal quotations omitted), and, thus, that Plaintiff's national origin discrimination claims fail, her apparently sincere belief that she is a member of such a tribe, along with her lack of formal legal training and/or knowledge of the intricacies of discrimination law, weighs in favor of a conclusion that her allegations – while ultimately meritless – were neither fantastic nor delusional. Similarly, while Plaintiff's defamation claims fail for the reasons set forth in the R&R, there is no indication that she brought such claims in bad faith or that they were utterly frivolous.[2]

In sum, the Sixth Circuit has recognized that district courts have "broad discretion

---

[2] Defendants also argue that Plaintiff's "continued pursuit" of a Title VII claim against Meltser – even after being advised that the statute does not provide for individual liability – evidences Plaintiff's "improper purposes" in bringing the instant lawsuit. (ECF No. 27, PageID.257). For purposes of Rule 11(b)(1), the Court has the discretion to determine whether a party or its counsel pursued the litigation for an "improper purpose." *See Kircher v. Charter Twp. of Ypsilanti*, No. 07-13091, 2007 WL 4557714, at *3 (E.D. Mich. Dec. 21, 2007). In making this determination, the court applies an objective standard of reasonableness. *Id.* Here, although the Court has recommended dismissing Plaintiff's claims against Meltser (ECF No. 29), it does not view Plaintiff's refusal to voluntarily dismiss her Title VII claim against Meltser as indicative that she instituted this case for any improper purpose so as to warrant sanctions under Rule 11(b)(1). *See, e.g., Grossman v. DTE Energy Co.*, No. 10-13712, 2010 WL 5279836, at *4 (E.D. Mich. Dec. 17, 2010) (declining to award Rule 11 sanctions despite the fact that "the plaintiff's legal theories [were] rejected as thinly supported by the facts …") (internal quotations omitted).

in determining when a sanction is warranted and what sanction is appropriate." *Nieves v. City of Cleveland*, 153 F. App'x 349, 353 (6th Cir. 2005). Here, while the Court appreciates Defendants' frustration, for all of the reasons stated above, the Court finds that the requested award of monetary sanctions is inappropriate under the circumstances. However, Plaintiff is expressly cautioned that should she choose to file and/or pursue other federal court litigation, whether arising out of her employment or otherwise, she must take care to ensure that her factual allegations are well-supported and her legal theories are sound. Plaintiff's failure to heed this warning could result in sanctions being imposed against her.

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion for Sanctions **(ECF No. 27)** be **DENIED**.

Dated: June 14, 2024　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some

5

objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 14, 2024.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager