UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINTU XI GILMORE-BEY,

    Plaintiff,

Case No. 23-12651

v.

Hon. George Caram Steeh
HENRY MELTSER and     Hon. David R. Grand
FIDELITY TRANSPORTATION
OF MICHIGAN, INC.,

    Defendants.
_____/

ORDER ADOPTING REPORTS AND
RECOMMENDATIONS (ECF NO. 29, 34), GRANTING
DEFENDANTS' MOTION TO DISMISS (ECF NO. 18)
AND DENYING MOTION FOR SANCTIONS (ECF NO. 27)

On April 22, 2024, Magistrate Judge Grand issued a report and recommendation proposing that the court grant Defendants' motion to dismiss. Plaintiff submitted objections for the court's review. The magistrate judge issued a second report and recommendation on June 14, 2024, proposing that the court deny Defendants' motion for sanctions. Although Plaintiff filed a "declaration of facts" on June 28, 2024, Defendants did not file an objection to the second report and recommendation. Plaintiff's declaration does not present objections to the report and recommendation, which proposes resolving the motion for sanctions in her favor.

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Plaintiff's complaint raises two claims: national origin discrimination under Title VII and the Elliott-Larsen Civil Rights Act, and defamation. The magistrate judge recommends that Plaintiff's discrimination claim be dismissed because she has not sufficiently alleged membership in a protected class. Plaintiff claims to be "an Autochthonous and Indigenous Native American, descendant of the original copper-tone peoples of the Americas." ECF No. 17 at ¶ 25. As the magistrate judge noted, however, "there is no federally recognized 'Autochthonous' or 'Indigenous Native American' tribe," and courts "have routinely dismissed national origin discrimination claims like Plaintiff's that are brought by 'native-born individuals . . . who claim to be affiliated with a tribal government purportedly existing independently of any federally recognized Indian tribe." ECF No. 29 at PageID 267 (citing *Alzid v. Blue Cross Blue Shield of Mich.*, 671 F. Supp.3d 786, 797 (E.D. Mich. 2023)).

Plaintiff generally objects to this finding, but she does not specifically challenge the case law cited by the magistrate judge, which is fatal to her claim. Although Plaintiff need not plead a *prima facie* case of discrimination to avoid dismissal, she must plead sufficient facts to state a plausible claim that she was discriminated against based upon her "race, color, religion, sex, or national origin." *Primm v. Dep't of Hum. Servs.*, 2017 WL 10646487, at *2 (6th Cir. Aug. 17, 2017) (citing 42 U.S.C. § 2000e-2(a)(1)); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."). To state a plausible claim of discrimination, Plaintiff must allege that she is a member of a protected class. *See Kinney v. McDonough*, 2022 WL 223633, at *5 (6th Cir. Jan. 26, 2022) (affirming dismissal of Title VII claims when the plaintiff failed to plead her race or age). Plaintiff has not done so here. Although she claims to be "an Autochthonous and Indigenous Native American," this self-designation is not recognized as a protected class under federal law. Accordingly, Plaintiff has failed to state a plausible discrimination claim.

Plaintiff also objects that the magistrate judge did not address her claims under 42 U.S.C. § 1981 and "international law." These claims were mentioned only in passing in her complaint. She does not specify the

international law that she claims to apply here; and such vague allegations are insufficient to comply with basic pleading standards.

Plaintiff's § 1981 claim fails for the same reason as her other claims of discrimination. Section 1981 prohibits racial discrimination in the making and enforcing of private contracts. To plead a § 1981 claim, a plaintiff must allege "sufficient facts to show that (1) the plaintiff belonged to a protected class; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in § 1981." *Inner City Contracting, LLC v. Charter Twp. of Northville, Mich.*, 87 F.4th 743, 755 (6th Cir. 2023). Because Plaintiff has failed to plead that she belongs to a protected class, she cannot state a claim under § 1981.

Plaintiff also makes a generalized objection to the dismissal of her defamation claim. She claims two sources of defamatory statements: statements made in Defendants' briefing and statements made in her personnel file. The magistrate judge concluded that statements made in this litigation are absolutely privileged and do not give rise to a defamation claim as a matter of law. He further determined that Plaintiff did not allege that there was an unprivileged communication of the contents of her personnel file to a third party, as required to state a defamation claim.

- 4 -

Plaintiff has not identified an error the magistrate judge's analysis; accordingly, her objection is not well taken.

With respect to the magistrate judge's recommendation that the court deny Defendants' motion for sanctions, no objections have been made. Upon review, the court agrees with Magistrate Judge Grand's analysis and conclusions and will deny the motion for sanctions.

For these reasons, IT IS HEREBY ORDERED that Plaintiff's objections are OVERRULED, Magistrate Judge Grand's reports and recommendations (ECF No. 29, 34) are ADOPTED, Defendants' motion to dismiss (ECF No. 18) is GRANTED, and Defendants' motion for sanctions (ECF No. 27) is DENIED.

Dated: July 11, 2024

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 11, 2024, by electronic and/or ordinary mail and also on Nintu Xi. Gilmore-Bey, 60 East Milwaukee Street, Unit 6633, Detroit, MI 48202.

s/LaShawn Saulsberry
Deputy Clerk